UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEARTRAC, LLC et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12137** |
| **LANRICK CONTRACTORS, LLC et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Defendants Lanrick Contractors, LLC, Lanrick Real Estate, LLC, Southeast Dirt, LLC, Hudson Holdings, LLC, Hudson Holdings Equipment, LLC, and Thomas P. McKellar (collectively, "Defendants") "Motion to Dismiss under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and Rule 12(b)(3) for Improper Venue."[1] In this litigation, Plaintiffs Cleartrac, LLC and Russell Kent Moore ("Plaintiffs") seek to enforce a foreign judgment under the Louisiana Enforcement of Foreign Judgments Act.[2] In the instant motion, Defendants argue that this Court lacks subject matter jurisdiction over the case because the amount in controversy does not meet the jurisdictional requirements.[3] Alternatively, Defendants assert that this Court should abstain from exercising jurisdiction over the case because there is an identical pending state court proceeding that has progressed to the point of a judgment dismissing Plaintiffs' claims.[4] In opposition, Plaintiffs assert that the amount in controversy exceeds $75,000, and the state litigation

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1 at 1.

[3] Rec. Doc. 12-1 at 6.

[4] *Id.*

1

does not affect the instant proceedings.⁵ Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 26, 2010, a default judgment was rendered in favor of Cleartrac, LLC ("Cleartrac") and against Lanrick Contractors Corp. ("Lanrick") by the 272nd Judicial District Court for the County of Brazos, State of Texas (the "Texas Judgment").⁶ The Texas Judgment awarded Cleartrac $51,519.47 in principal; pre-judgment interest in the amount of $1,313.16; $3,000 in attorneys' fees for filing and prosecuting the claim; $2,500 in post-judgment collection efforts; $500 in court costs; and post-judgment interest at the rate of 5% from the date of judgment until paid in full.⁷ Plaintiffs allege that the Texas Judgment is now final as no appeals were taken.⁸

On November 16, 2011, following entry on of the Texas Judgment, Cleartrac filed a "Petition to Make Judgment Executory" against Lanrick in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.⁹ On November 21, 2011, the Louisiana state court ordered the Texas Judgment be made executory and the judgment of the Louisiana state court.¹⁰ On August 3, 2017, Cleartrac filed a "Petition to Enforce Judgment" in the Louisiana state court, seeking to enforce the Texas Judgment against Lanrick.¹¹ On July 9, 2018, Cleartrac filed a "First Amended Petition to Enforce Judgment" in the Louisiana state court, adding Lanrick Real Estate,

---

⁵ Rec. Doc. 15.

⁶ Rec Doc. 1 at 2.

⁷ *Id.* at 2–3.

⁸ *Id.* at 3.

⁹ Rec. Doc. 12-2 at 13.

¹⁰ *Id.* at 15.

¹¹ *Id.* at 4.

LLC, Southeast Dirt, LLC, Hudson Holdings, LLC, Hudson Holdings Equipment, LLC, Thomas P. McKellar, and Lisa C. McKellar as defendants.[12] On August 5, 2019, the Louisiana state court granted Defendants' exception of no right of action.[13] Cleartrac was given an opportunity to amend its petition to cure the defect, but it failed to do so.[14] Therefore, on August 19, 2019, the Louisiana state court entered judgment dismissing Cleartrac's action.[15] On December 9, 2019, Cleartrac filed a notice of appeal, and the Louisiana state court granted Cleartrac a suspensive appeal from the Judgment.[16]

In the interim, on August 13, 2019, Plaintiffs filed a Complaint in this Court against Defendants seeking to make the Texas Judgment executory and to enforce the Texas Judgment.[17] On September 9, 2019, Defendants filed the instant motion to dismiss.[18] On September 10, 2019, Plaintiffs filed an opposition to the motion.[19]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion to Dismiss*

In the instant motion, Defendants argue that this Court lacks subject matter jurisdiction over the case because the amount in controversy does not meet the jurisdictional requirements.[20]

---

[12] Rec. Doc. 12-3 at 2–3.

[13] Rec. Doc. 12-4 at 2.

[14] *Id.*

[15] *Id.*

[16] Rec. Doc. 29-1.

[17] Rec. Doc. 1 at 1.

[18] Rec. Doc. 12.

[19] Rec. Doc. 15.

[20] Rec. Doc. 12-1 at 6.

Alternatively, Defendants assert that this Court abstain from exercising jurisdiction over the case because there is an identical pending state court proceeding that has progressed to the point of a judgment dismissing Plaintiffs' claims.[21]

First, Defendants assert that the amount in controversy does not exceed $75,000.[22] Defendants contend that the Texas Judgment awarded $51,519.47 in principal; $3,000 in attorney fees for filing and prosecution the claim; and $2,500 for post-judgment collection efforts, totaling $57,019.47.[23] Defendants argue that "[i]nterest is not counted if it 'was an incident arising solely by virtue of a delay in payment' of the underlying amount in controversy."[24] According to Defendants, the interest awarded by the Texas Judgment at issue in this case is based exclusively upon delay in payment and, therefore, not subject to inclusion in the amount in controversy.[25] Defendants recognize that some authority indicates that pre-judgment interest may be included when calculating the amount in controversy, but here Defendants note that pre-judgment interest only totaled $1,306.10, which would bring the total amount in controversy to only $58,325.57.[26] Defendants cite district court opinions to support their position that post-judgment interest cannot be used to establish the amount in controversy because then a party could delay suit in order to accumulate the jurisdictional amount.[27] Therefore, Defendants argue that post-judgment interest

---

[21] *Id.*

[22] *Id.* at 3.

[23] *Id.*

[24] *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998); *Brainin v. Melikian*, 396 F.3d 153, 154 (3rd Cir. 1968)).

[25] *Id.*

[26] *Id.*

[27] *Id.* at 3–4 (citing *Phoenix Scotts-Sports v. Kadish*, 321 F. Supp. 556, 557 (D. Alaska 1971); *Reynolds v. Reynolds*, 65 F. Supp. 916, 918 (W.D. Ark. 1946)).

4

should not be used to establish the amount in controversy in this case, and this case should be dismissed for lack of subject matter jurisdiction.[28]

Alternatively, Defendants assert that this Court should abstain from exercising jurisdiction over the case because there is an identical pending state court proceeding that has progressed to the point of a judgment dismissing Plaintiffs' claims.[29] According to Defendants, Cleartrac filed an identical suit in Louisiana state court against Lanrick Contractors, LLC in August 2017 and amended the suit to include all of the defendants in July 2018.[30] Defendants aver that "[a]fter years of litigation, extensive discovery, and multiple hearings, including a judgment dismissing plaintiffs' claims the plaintiffs now seek a second bite at the apple in this Court."[31] Defendants note that the Louisiana state court entered judgment on August 5, 2019, and Plaintiffs initiated this suit on August 13, 2019.[32] Defendants assert that the amount of process afforded in the Louisiana state court litigation should be a consideration of this Court in declining to exercise jurisdiction.[33] Defendants contend that allowing Plaintiffs "to select a forum, litigate to the point of an adverse ruling years later, and simply pick another forum in hopes of a different result is not wise judicial administration."[34] Therefore, Defendants argue that this Court should abstain from exercising jurisdiction over the case based upon the identical pending state court proceeding that has

---

[28] *Id.* at 4.

[29] *Id.* at 6.

[30] *Id.* at 5.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 6.

[34] *Id.*

progressed to the point of a judgment dismissing Plaintiffs' claims.[35]

## B. *Plaintiffs' Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiffs argue that the amount in controversy exceeds $75,000 because interest was part of the Texas Judgment and should be included in calculating the amount in controversy.[36] Plaintiffs contend that they are seeking to collect the Texas Judgment, which unequivocally provided for post-judgment interest at a rate of 5% per day.[37] Therefore, Plaintiffs assert that the amount in controversy exceeds the jurisdictional minimum.[38]

Next, Plaintiffs contend it is immaterial that Cleartrac has concurrent proceedings pending in state and federal court.[39] Plaintiffs assert that abstention is not warranted in this case because this forum is not inconvenient to Defendants, who are Louisiana residents.[40] Additionally, Plaintiffs argue that the state proceedings do not adequately protect the rights of Plaintiffs because the Louisiana state court is misinterpreting Texas law.[41] Plaintiffs argue that this Court is in the better position to correctly interpret Texas.[42] Furthermore, Plaintiffs note that Plaintiff Russell Kent Moore is not a party to the Louisiana state court action.[43] Therefore, Plaintiffs contend that

---

[35] *Id.*

[36] Rec. Doc. 15 at 2 (citing Wright & Miller, 14AA Fed. Prac. & Proc. Juris. § 3712, Interest and Costs (4th ed. 2019); *Merial Ltd. v. Rasnic*, 2010 WL 3663357 (W.D. Va. 2010); *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580 (D. Kansas 1997); *Phoenix Scotss-Sports v. Kadish*, 321 F.Supp. 556 (D. Alaska 1971); *San Juan Hotel Corp. v. Greenberg*, 502 F.Supp. 34 (E.D. N.Y. 1980)).

[37] *Id.*

[38] *Id.*

[39] *Id.* at 3.

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

abstention would not serve the interests of justice.[44] Finally, Plaintiffs contend that "Defendants' request to consider the amount of process in the state court action cuts the other way" as Defendants have repeatedly attempted to delay or hinder the proceedings in state court.[45]

### III. Legal Standard

#### A. *Legal Standard on a Rule 12(b)(1) Motion to Dismiss*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[46] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[47] In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[48] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[49]

The diversity statute, 28 U.S.C. § 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy exceeding $75,000, "exclusive of interest and costs."[50] The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke

---

[44] *Id.* at 3–4.

[45] *Id.* at 4.

[46] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[47] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

[48] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[49] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

[50] 28 U.S.C. § 1332.

the court's diversity jurisdiction."[51] To determine whether the jurisdictional amount is met, the Fifth Circuit instructs district courts to look first at the face of the complaint.[52] If the amount in controversy is uncertain from the face of the complaint, the court can look to summary judgment-like evidence, but only to the extent such evidence sheds light on the amount in controversy at the time suit was first brought.[53] Dismissal for want of jurisdiction is proper only if the court determines to a "legal certainty" that the jurisdictional amount is not met.[54]

### B. *Legal Standard for Abstention*[55]

The Fifth Circuit has continuously applied the Supreme Court case *Colorado River Water Conservation District v. United States*,[56] when determining whether it is proper to stay federal proceedings because of an ongoing parallel state proceeding.[57] Under *Colorado River*, the general rule is that "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"[58] "*Colorado River* abstention is a narrow exception to a federal court's 'virtually unflagging' duty to adjudicate a controversy that is properly before it. Under this doctrine, a federal court may abstain only under 'exceptional

---

[51] *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[52] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[53] *Id.* at 1253–54.

[54] *Id.* at 1253.

[55] Defendants cite Federal Rule of Civil Procedure 12(b)(3) in the title of the instant motion. Rule 12(b)(3) governs motions to dismiss for improper venue. In the substance of the motion, Defendants do not argue that this venue is improper. Instead, Defendants request that the Court abstain from exercising jurisdiction.

[56] 424 U.S. 800 (1976).

[57] *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009); *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006); *American Guarantee & Liability Insurance Company v. Anco Insulations, Inc.*, 408 F.3d 248, 252 (5th Cir. 2005); *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 538–41 (5th Cir. 2002); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

[58] *Colorado River,* 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

circumstances.'"⁵⁹ The decision to abstain "must be based on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"⁶⁰

The first step in the *Colorado River* analysis is to determine whether the state court and federal proceedings are parallel.⁶¹ The Fifth Circuit defines parallel proceedings "as those 'involving the same parties and the same issues.'" ⁶² Yet, the Fifth Circuit also notes that "it may be that there need not be applied in every instance a mincing insistence on precise identity of these."⁶³ A Court should thus look "to the named parties and the substance of the claims asserted in each proceeding."⁶⁴ If the Court finds that the proceedings are parallel, it then must balance the six *Colorado River* factors to determine whether exceptional circumstances warrant abstention:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.⁶⁵

---

⁵⁹ *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983); *Colorado River*, 424 U.S. at 813).

⁶⁰ *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (quoting *Colorado River*, 424 U.S. at 817).

⁶¹ *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir. 1997) ("This circuit has clearly held that in order to consider the propriety of a stay pending disposition of state court actions, the federal and state cases must be parallel, meaning that they involve the same parties and the same issues.") (citing *Hartford Accident & Indemnity Company v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (internal citations omitted); *Mendiola v. Hart*, 561 F.2d 1207, 1208 (5th Cir. 1977)).

⁶² *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (quoting *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973)).

⁶³ *Id.*

⁶⁴ *African Methodist,* 756 F.3d at 797.

⁶⁵ *Id.* at 798 (quoting *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)).

In balancing these factors, a Court should be mindful that "[t]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[66]

## IV. Analysis

In the instant motion, Defendants argue that this Court lacks subject matter jurisdiction over the case because the amount in controversy does not meet the jurisdictional requirements.[67] Alternatively, Defendants assert that this Court should abstain from exercising jurisdiction over the case because there is an identical pending state court proceeding that has progressed to the point of a judgment dismissing Plaintiffs' claims.[68] Accordingly, the Court addresses each of these issues in turn.

### A.  *Subject Matter Jurisdiction*

The diversity statute, 28 U.S.C. § 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy exceeding $75,000, "exclusive of interest and costs."[69] Defendants do not dispute that there is complete diversity between the parties. However, Defendants argue that the amount in controversy does not exceed $75,000 exclusive of interest and costs.

In this litigation, Plaintiffs seek to enforce the Texas Judgment, which awarded Cleartrac $51,519.47 in principal; pre-judgment interest in the amount of $1,313.16; $3,000 in attorneys'

---

[66] *Id.* (quoting *Moses H. Cone Mem. Hosp.*, 460 U.S. at 16).

[67] Rec. Doc. 12-1 at 6.

[68] *Id.*

[69] 28 U.S.C. § 1332.

10

fees for filing and prosecuting the claim;[70] $2,500 in post-judgment collection efforts; $500 in court costs;[71] and post-judgment interest at the rate of 5% from the date of judgment until paid in full.[72] The Texas Judgment was rendered on August 26, 2010, and this case was filed on August 13, 2019. At a rate of 5% per day, $23,106.13 in post-judgment interest has accrued from the date the Texas Judgment was rendered until the date that this case was filed. Therefore, the amount in controversy will only exceed $75,000 if the post-judgment interest awarded by the Texas Judgment is included in calculating the jurisdictional amount.

Section 1332 provides that the amount in controversy must exceed $75,000, "exclusive of interest and costs." The purpose of the exclusion of interest from the amount in controversy is "to prevent the plaintiff from delaying suit until the claim, with accrued interest, exceeds the statutory minimum."[73] However, the exclusion of interest is subject to exceptions. For example, in *Brown v. Webster*, the Supreme Court drew a distinction between "interest as such" and interest "as an instrumentality in arriving at the amount of damages to be awarded on the principal demand."[74] There, the plaintiff sought to recover damages following an eviction, and the applicable state law allowed for recovery of purchase price with interest.[75] The Supreme Court held that because the interest was an essential ingredient of the plaintiff's principal claim, rather than a mere accessory

---

[70] Attorney's fees are included in the amount in controversy when fees are allowed under a contract or statute. *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981).

[71] The Fifth Circuit has recognized that court costs may be included in calculating the jurisdictional amount when the case is seeking to recover costs awarded in an earlier lawsuit. *Spann v. Compania Mexicana Radiodifusora Fronteriza, S. A.*, 131 F.2d 609 (5th Cir. 1942).

[72] Rec. Doc. 12-2 at 9.

[73] Wright & Miller, 14AA Fed. Prac. & Proc. Juris. § 3712, Interest and Costs (4th ed. 2019). *See also Christiana Tr. v. Henderson*, 181 F. Supp. 3d 375, 378 (S.D. Tex. 2016) (quoting *Muddu Oils Refinery Ltd. v. Dykes*, No. 4:06-CV-825, 2007 WL 894568, at *2 (N.D. Tex. Mar. 26, 2007)).

[74] 156 U.S. 328, 329 (1985).

[75] *Id.*

demand, it could be included as part of the amount in controversy.[76]

Defendants cite district court opinions to support their position that post-judgment interest cannot be used to establish the amount in controversy because then a party could delay suit in order to accumulate the jurisdictional amount.[77] In *Phoenix Scotts-Sports v. Kadish*, a case cited by Defendants, a district court judge in the District of Alaska stated, "It is true that interest on a judgment cannot be used to enhance the amount in controversy. Otherwise, a party could delay the suit in order to accumulate the jurisdictional amount."[78] However, in *Kadish*, the plaintiff was seeking to enforce a judgment entered by another court.[79] Therefore, the district court found that "the amount in controversy [was] the amount of the judgment," which included pre-judgment interest.[80] The *Kadish* court did not consider the issue of whether post-judgment interest could be included in the amount in controversy.[81] In *Reynolds v. Reynolds*, another case cited by Defendants, a district court judge in the Western District of Arkansas held that post-judgment interest, which had accumulated on a judgment the plaintiff sought to enforce, could not be considered in establishing the amount in controversy because including such interest in the calculation would contravene "the statutory purpose to prevent delaying of suit merely to accumulate the necessary amount for jurisdiction."[82]

---

[76] *Id.* at 330.

[77] Rec. Doc. 12-1 at 3–4 (citing *Phoenix Scotts-Sports v. Kadish*, 321 F. Supp. 556, 557 (D. Alaska 1971); *Reynolds v. Reynolds*, 65 F. Supp. 916, 918 (W.D. Ark. 1946)).

[78] *Kadish*, 321 F. Supp. at 557.

[79] *Id.*

[80] *Id.*

[81] *Id.*

[82] *Reynolds*, 65 F. Supp. at 918.

It does not appear that the Fifth Circuit has addressed the issue of whether post-judgment interest can be included when calculating the amount in controversy for a suit seeking to enforce a judgment. However, *Reynolds*—a non-binding opinion of a district court from 1946—appears to be a minority view. As noted by Wright and Miller, "if the judgment in one action includes interest, the amount in controversy in a suit on the judgment is measured by the amount of that first judgment, including the interest on it."[83] Further, the interest that accrues on the unpaid first judgment may be included in determining the amount in controversy" on a suit seeking to enforce the judgment.[84] This Court adopts the majority view and finds that the amount in controversy includes post-judgment interest on the unpaid Texas Judgment. Accordingly, the amount in controversy exceeds $75,000 and the Court has subject-matter jurisdiction over this case.

**B.**  *Abstention*

Defendants assert that this Court should abstain from exercising jurisdiction over the case because there is an identical pending state court proceeding that has progressed to the point of a judgment dismissing Plaintiffs' claims.[85] According to Defendants, Cleartrac filed an identical suit in Louisiana state court against Lanrick Contractors, LLC in August 2017 and amended the suit to include all of the defendants in July 2018.[86] Defendants note that the Louisiana state court entered judgment on August 5, 2019, and Plaintiffs initiated this suit on August 13, 2019.[87] Defendants

---

[83] Wright & Miller, 14AA Fed. Prac. & Proc. Juris. § 3712, Interest and Costs (4th ed. 2019) (internal citations omitted).

[84] *Id.* (citing *Snider v. State Farm Mut. Auto. Ins. Co.*, 360 F. Supp. 929, 931 (S.D.W. Va. 1973) ("lawfully accrued interest on the state court judgment, added to the uninsured motorist coverage liability of each of the defendants, establishes the Court's jurisdiction in this action as to each of the defendants.").

[85] Rec. Doc. 12-1 at 6.

[86] *Id.* at 5.

[87] *Id.*

assert that the amount of process afforded in the Louisiana state court litigation should be a consideration of this Court in declining to exercise jurisdiction.[88]

In opposition, Plaintiffs argue that abstention is not warranted in this case because this forum is not inconvenient to Defendants, who are Louisiana residents.[89] Additionally, Plaintiffs argue that the state proceedings do not adequately protect the rights of Plaintiffs because the Louisiana state court is misinterpreting Texas law.[90] Finally, Plaintiffs contend that "Defendants request to consider the amount of process in the state court action cuts the other way" as Defendants have repeatedly attempted to delay or hinder the proceedings in state court.[91]

When determining whether to stay this proceeding pending state court litigation, this Court applies *Colorado River* and its progeny.[92] Per the Fifth Circuit, the first step in the *Colorado River* analysis is to determine whether the federal and state court proceedings are parallel.[93] The Court begins this analysis by analyzing the parties and substantive claims in each proceeding, paying special attention to "whether the state proceeding would be dispositive of a concurrent federal proceeding."[94] In *African Methodist*, the Fifth Circuit determined that the state and federal proceedings were "sufficiently parallel" because though the parties in each suit were not precisely

---

[88] *Id.* at 6.

[89] Rec. Doc. 15 at 3.

[90] *Id.*

[91] *Id.* at 4.

[92] *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009); *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006); *American Guarantee & Liability Insurance Company v. Anco Insulations, Inc.*, 408 F.3d 248, 252 (5th Cir. 2005); *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 538–41 (5th Cir. 2002); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

[93] *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017); *Exxon Corp.,* 129 F.3d at 785.

[94] *Air Evac EMS*, 851 F.3d at 520 (5th Cir. 2017) (internal citations omitted).

identical, the interests of all the parties aligned undisputedly in the same manner in both suits.[95] Further, because the state action would "necessarily resolve" an issue that was dispositive of the federal litigation, the claims were also aligned.[96]

Contrarily, in *RepublicBank Dallas Nat. Ass'n v. McIntosh*, the Fifth Circuit determined that though the general subject matter of the two actions was the same and there was a common issue between the two proceedings, the issues were disparate and the parties were not the same.[97] Specifically, the court found that though the plaintiffs in the federal action were distant partners of the entity that was the state court defendant, the federal plaintiffs were not actually a party to the state court litigation.[98] Further, the court found that the issue in the state litigation regarded enforceability of a mortgage whereas the federal litigation centered on a guaranty agreement.[99] Thus, the Fifth Circuit concluded that the state and federal suits were not parallel because different parties and issues were at the core of the proceedings.[100]

Considering whether the same parties are present in both proceedings, Plaintiff Cleartrac and Defendants are in the same position in this litigation and in Cleartrac's state court action.[101] The only additional party in the federal litigation is Plaintiff Russell Kent Moore ("Moore").[102] According to the Complaint, Moore is the sole member of Cleartrac, and requests the same relief

---

[95] *African Methodist*, 756 F.3d at 798.

[96] *Id.*

[97] 828 F.2d 1120, 1121 (1987).

[98] *Id.*

[99] *Id.*

[100] *Id.*

[101] Rec. Doc. 1; Rec. Doc. 12-3.

[102] Rec. Doc. 1; Rec. Doc. 12-3.

as a successor-in-interest to Cleartrac if this Court determines that Cleartrac is not the proper party to bring this enforcement proceeding.[103] Therefore, Moore's interest clearly align with the interest of Cleartrac in the state litigation. Additionally, both cases involve only one claim seeking to enforce the Texas Judgment.[104] Thus, the parties' interests are wholly present in the two proceedings, and the same issues are at the core of the two proceedings. Accordingly, this case meets the parallelism requirement for *Colorado River* abstention.[105] Thus, this Court must balance the six *Colorado River* factors to determine whether this case presents "exceptional circumstances" warranting abstention.

1. **Assumption by State Court Over a Res**

Neither the state nor federal court has taken control over any res or property. The Fifth Circuit instructs that when no court has taken control over a res this factor is not merely a neutral item, but rather weighs against abstention.[106] Accordingly, this factor weighs in favor of this Court exercising jurisdiction.

2. **Inconvenience of the Fora**

This factor "primarily involves the physical proximity of [each] forum to the evidence and witnesses."[107] In *Aptim Corporation v. McCall*, the Fifth Circuit found that the second factor was neutral.[108] There, the state courthouse was located in Baton Rouge, Louisiana, and the federal

---

[103] Rec. Doc. 1 at 1, 5.

[104] Rec. Doc. 1; Rec. Doc. 12-2; Rec. Doc. 12-3.

[105] *RepublicBank*, 828 F.2d at 1121; *Air Evac EMS, Inc.*, 851 F.3d at 521.

[106] *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988)).

[107] *Aptim Corp. v. McCall*, 888 F.3d 129, 137 (5th Cir. 2018) (internal citations omitted).

[108] *Id.*

16

district courthouse was located in New Orleans, Louisiana.[109] The Fifth Circuit found that the 80 mile distance between the two courthouses was minor compared to the 300–mile distance found significant in *Colorado River*.[110]

Here, the state court action is in the Twenty Second Judicial District Court for the Parish of Tangipahoa, which is located in Amite, Louisiana. This federal courthouse is located in New Orleans, Louisiana, approximately 75 miles from the state courthouse. Neither party briefed this factor. However, according to the Complaint, Defendant Thomas McKellar is a resident of Hammond, Louisiana, whereas Plaintiff Moore is a resident of Texas.[111] Therefore, the state forum appears to be slightly more convenient for Defendants, and it is unclear which forum is more convenient for Plaintiffs. Accordingly, this factor is neutral or weighs slightly in favor of abstention.

### 3. Avoidance of Piecemeal Litigation.

"The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property."[112] In contrast, duplicative litigation, "wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction."[113] In *Black Sea Inv., Ltd. v. United Heritage Corp.*, the Fifth Circuit held that this factor weighed against abstention because no court had asserted jurisdiction over a

---

[109] *Id.*

[110] *Id.*

[111] Rec. Doc. 1.

[112] *African Methodist,* 756 F.3d at 800 (quoting *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650–51 (5th Cir. 2000)).

[113] *Black Sea Inv., Ltd*, 204 F.3d at 651.

disputed res.[114] "Piecemeal litigation is a different concern from the worry of obtaining conflicting judgments in parallel actions involving the same parties and the same questions. The remedy for conflicting judgments is not abstention, but the application of *res judicata*."[115] Therefore, because no court has asserted jurisdiction over a disputed res, this factor supports exercising federal jurisdiction and weighs against abstention.

### 4. Order in which Jurisdiction was Obtained

This factor does not merely amount to a determination of which complaint was filed first. Rather, the inquiry is into "how much progress has been made in the two actions."[116] The Supreme Court has emphasized that a factor favoring dismissal is "the apparent absence of any proceedings in the District Court, other than the filing of the complaint."[117] The Louisiana state case is currently on appeal.[118] Conversely, this case is still at the pleading stage. Accordingly, this factor weighs in favor of abstention.

### 5. Extent Federal Law Governs the Case

"[T]he presence of state law issues weighs in favor of surrender only in rare circumstances."[119] This case concerns state law only. The case is being heard under this Court's exercise of diversity jurisdiction. However, Defendants have not shown any "rare circumstances" that warrant abstention. Therefore, this factor is neutral.

### 6. Adequacy of State Proceedings

---

[114] *Id.*

[115] *Aptim Corp. v. McCall*, 888 F.3d 129, 137 (5th Cir. 2018).

[116] *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190 (5th Cir. 1988) (internal citations omitted).

[117] *Colorado River*, 424 U.S. at 820.

[118] Rec. Doc. 29-1.

[119] *Black Sea Inv., Ltd*, 204 F.3d at 651.

18

"The final factor recognizes that it would be 'a serious abuse of discretion' to abstain under *Colorado River* where there is 'substantial doubt' as to the state forum's adequacy."[120] Accordingly, the Fifth Circuit has recognized that this factor "can only be a neutral factor or one that weighs against, not for, abstention."[121] Plaintiffs argue that the state forum is inadequate because that court is misapplying Texas law. However, Plaintiffs originally chose to invoke the jurisdiction of the state forum, and they have not demonstrated that there is a substantial doubt that the state forum is adequate. Accordingly, this factor is neutral.

### 7. Weighing the Factors

Based on the foregoing, two factors weigh in favor of exercising jurisdiction, two factors are neutral, one factor is neutral or weighs slightly in favor of abstention, and only one factor weighs in favor of abstention. Because this Court must balance these factors with a "heavy thumb on the scale in favor of exercising federal jurisdiction,"[122] abstention is inappropriate. Therefore, this Court must exercise its "virtually unflagging obligation" to exercise jurisdiction over this case.[123]

### V. Conclusion

Based on the foregoing, the Court has subject matter jurisdiction over this dispute, and *Colorado River* abstention is not appropriate. Accordingly,

---

[120] *Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 817 (5th Cir. 2016) (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp*, 460 U.S. 1, 21 (1983)).

[121] *Id.* (quoting *Evanston Ins. Co.*, 844 F.2d at 1193).

[122] *Colorado River*, 424 U.S. at 817.

[123] *Aptim Corp.*, 888 F.3d at 135.

**IT IS HEREBY ORDERED** that Defendants Lanrick Contractors, LLC, Lanrick Real Estate, LLC, Southeast Dirt, LLC, Hudson Holdings, LLC, Hudson Holdings Equipment, LLC, and Thomas P. McKellar (collectively, "Defendants") "Motion to Dismiss under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and Rule 12(b)(3) for Improper Venue"[124] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __8th__ day of January, 2020.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[124] Rec. Doc. 12.