UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLEARTRAC, LLC et al. | CIVIL ACTION |
| VERSUS | NO. 19-12137 |
| LANRICK CONTRACTORS, LLC et al. | SECTION: "G"(2) |

## ORDER AND REASONS

Before the Court is Defendants Lanrick Contractors, LLC, Lanrick Real Estate, LLC, Southeast Dirt, LLC, Hudson Holdings, LLC, Hudson Holdings Equipment, LLC, and Thomas P. McKellar (collectively, "Defendants") "Motion to Dismiss."[1] In this litigation, Plaintiffs Cleartrac, LLC and Russell Kent Moore ("Plaintiffs") seek to enforce a foreign judgment under the Louisiana Enforcement of Foreign Judgments Act.[2] In the instant motion, Defendants argue that this case should be dismissed under the doctrine of res judicata.[3] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On August 26, 2010, a default judgment was rendered in favor of Cleartrac, LLC ("Cleartrac") and against Lanrick Contractors Corp. ("Lanrick") by the 272nd Judicial District Court for the County of Brazos, State of Texas (the "Texas Judgment").[4] The Texas Judgment

---

[1] Rec. Doc. 26.

[2] Rec. Doc. 1 at 1.

[3] Rec. Doc. 26 at 1.

[4] Rec Doc. 1 at 2.

1

awarded Cleartrac $51,519.47 in principal; pre-judgment interest in the amount of $1,313.16; $3,000 in attorneys' fees for filing and prosecuting the claim; $2,500 in post-judgment collection efforts; $500 in court costs; and post-judgment interest at the rate of 5% from the date of judgment until paid in full.[5] Plaintiffs allege that the Texas Judgment is now final as no appeals were taken.[6]

On November 16, 2011, following entry on of the Texas Judgment, Cleartrac filed a "Petition to Make Judgment Executory" against Lanrick in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.[7] On November 21, 2011, the Louisiana state court ordered the Texas Judgment be made executory and the judgment of the Louisiana state court.[8] On August 3, 2017, Cleartrac filed a "Petition to Enforce Judgment" in the Louisiana state court, seeking to enforce the Texas Judgment against Lanrick.[9] On July 9, 2018, Cleartrac filed a "First Amended Petition to Enforce Judgment" in the Louisiana state court, adding Lanrick Real Estate, LLC, Southeast Dirt, LLC, Hudson Holdings, LLC, Hudson Holdings Equipment, LLC, Thomas P. McKellar, and Lisa C. McKellar as defendants.[10] On August 5, 2019, the Louisiana state court granted Defendants' exception of no right of action.[11] Cleartrac was given an opportunity to amend its petition to cure the defect, but failed to do so.[12] Therefore, on August 19, 2019, the Louisiana

---

[5] *Id.* at 2–3.

[6] *Id.* at 3.

[7] Rec. Doc. 12-2 at 13.

[8] *Id.* at 15.

[9] *Id.* at 4.

[10] Rec. Doc. 26-2 at 1–2.

[11] Rec. Doc. 26-3.

[12] *Id.*

state court entered judgment dismissing Cleartrac's action (the "Louisiana Judgment").[13] On December 9, 2019, Cleartrac filed a notice of appeal, and the Louisiana state court granted Cleartrac a suspensive appeal from the Judgment.[14]

In the interim, on August 13, 2019, Plaintiffs filed a Complaint in this Court against Defendants seeking to make the Texas Judgment executory and to enforce the Texas Judgment.[15] On September 9, 2019, Defendants filed a motion to dismiss for lack of subject matter jurisdiction.[16] On September 10, 2019, Plaintiffs filed an opposition to the motion.[17] On January 8, 2020, the Court denied the motion to dismiss for lack of jurisdiction.

On December 6, 2019, Defendants filed the instant motion to dismiss based on res judicata.[18] On December 10, 2019, Plaintiffs filed an opposition to the motion.[19]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion to Dismiss*

In the instant motion, Defendants argue that this case should be dismissed under the doctrine of res judicata.[20] Defendants assert that the August 19, 2019 Judgment of the Louisiana state court is a final judgment under Louisiana's res judicata principles.[21] Therefore, because the

---

[13] *Id.*

[14] Rec. Doc. 29-1.

[15] Rec. Doc. 1 at 1.

[16] Rec. Doc. 12.

[17] Rec. Doc. 15.

[18] Rec. Doc. 26.

[19] Rec. Doc. 29.

[20] Rec. Doc. 26-1 at 1.

[21] *Id.* at 2.

claims asserted by Cleartrac in the Louisiana state court action are identical to the claims asserted in this case, Defendants argue that Cleartrac is precluded from further litigating these issues.[22]

Furthermore, Defendants contend that Plaintiff Russell Kent Moore ("Moore") is also precluded from relitigating these issues under the doctrine of res judicata.[23] Defendants assert that Moore was the sole member of Cleartrac, and Moore clearly controlled the litigation of Cleartrac.[24] Therefore, Defendants argue that Moore is also precluded from relitigating these claims because he is Cleartrac's successor.[25]

Finally, Defendants assert that the Louisiana state court judgment is final for purposes of res judicata even if it could be appealed or an appeal is pending.[26] In support, Defendants cite district court cases holding that a pending appeal does not affect the finality of a Louisiana state trial court's judgment for res judicata purposes.[27] Accordingly, because a valid and final judgment has been rendered by the Louisiana state court, Defendants argue that Plaintiffs are precluded from litigating these issues in this Court.[28]

### B. *Plaintiffs' Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiffs argue that the Louisiana Judgment does not have preclusive effect because the Louisiana state court granted Plaintiffs a suspensive appeal.[29] Plaintiffs contend that

---

[22] *Id.* at 2–3.

[23] *Id.* at 3.

[24] *Id.*

[25] *Id.* at 3–4

[26] *Id.* at 4.

[27] *Id.* (citing *Shelton v. Board of Sup'rs of Southern University and A & M College*, 2012 WL 75040 (M.D. La. 2012); *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 598, 657–58 (S.D. Tex. 2010)).

[28] *Id.* at 6.

[29] Rec. Doc. 29 at 1.

under Louisiana law the effect of a suspensive appeal is "to stay execution of the judgment rendered, to maintain the status quo until the appeal can be reached in due course, and to suspend the effect of the judgment until exhaustion of all appeals."[30] Plaintiffs assert that a federal court cannot give a state court judgment greater preclusive effect than the state courts themselves would give to it.[31] Therefore, Plaintiffs contend that this case is not barred under the doctrine of res judicata.[32]

Next, Plaintiffs note that this suit was initiated on August 13, 2019, six days before the Louisiana Judgment was rendered.[33] Plaintiffs quote comment (d) to Louisiana Revised Statute § 13:4231, which provides that "the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter. . . ."[34] Because this litigation was filed before the Louisiana Judgment was entered, Plaintiffs assert that this litigation is not barred under the doctrine of res judicata.[35] Alternatively, because the state court judgment is on appeal and could be overturned, Plaintiffs argue that Cleartrac's claims must be dismissed without prejudice because "the state court judgment may ultimately be of no effect."[36]

Finally, Plaintiffs contend that the Louisiana Judgment does not prevent Moore from litigating this case.[37] According to Plaintiffs, the only issue decided by the Louisiana state court

---

[30] *Id.* (citing *New Orleans Home for Incurables, Inc. v. Greenstein*, 911 F.Supp.2d 386, 403 (E.D. La. 2012); *Latiolais v. Griffith*, 2015 WL 13022875 (W.D. La. 2015)).

[31] *Id.* (citing *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 384 (1985)).

[32] *Id.*

[33] *Id.* at 2.

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.* at 3.

5

was that Cleartrac lacked a right of action to enforce the Texas judgment under Texas law because the company was dissolved.[38] Plaintiffs argue that the Texas statute has no effect upon a member's individual right to enforce the judgment. Plaintiffs note that Moore is not a party to the state court proceedings, and Moore has appeared herein for the first time, in the alternative, to assert his own enforcement rights.[39] Therefore, Plaintiffs argue that the issue of whether Moore holds that right has not been litigated, and Plaintiffs assert Moore cannot be deemed to be "the same party" or "appearing in the same capacity" as Cleartrac.[40] Furthermore, Plaintiffs contend that Moore did not "appear" or "direct" the state court proceeding merely due to his status as member of Cleartrac.[41]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[42] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[43] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[44] "Factual allegations must be enough to raise a right to relief above the speculative level."[45] A claim is facially plausible when the plaintiff has pleaded facts that allow

---

[38] *Id.*

[39] *Id.*

[40] *Id.* at 3–4.

[41] *Id.* at 4.

[42] Fed. R. Civ. P. 12(b)(6).

[43] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[45] *Twombly*, 550 U.S. at 555.

the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[46]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[47] Although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[48] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[49] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[50] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[51] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[52] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[53] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[54]

---

[46] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[47] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[48] *Iqbal*, 556 U.S. at 677–78.

[49] *Id.* at 679.

[50] *Id.* at 678.

[51] *Id.*

[52] *Id.*

[53] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[54] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470,

7

The Fifth Circuit instructs that "generally, a party cannot base a 12(b)(6) motion on res judicata," since res judicata "must be pleaded as an affirmative defense" and addressed either at trial or on summary judgment.[55] However, where "both actions were brought before the same court," the Fifth Circuit holds that a court may sua sponte dismiss an action on res judicata grounds in the interest of judicial economy.[56] Likewise, a court may dismiss an action on res judicata grounds "where all of the relevant facts are contained in the record . . . and all are uncontroverted."[57]

### IV. Analysis

As the Supreme Court has made clear, federal courts must "refer to the preclusion law of the State in which judgment was rendered" to determine the preclusive effect of a state court judgment.[58] The Fifth Circuit has likewise concluded that "[a] federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation."[59] Thus, because the judgment at issue

---

2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[55] *Moch v. E. Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n. 1 (5th Cir. 1977). *See also Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n. 1 (5th Cir. 2004) ("Res judicata is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial.").

[56] *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 281 (5th Cir. 2001). *See also LaCroix v. Marshall County, Miss.*, 409 Fed. App'x 794, 798–99 (5th Cir. 2011) ("There are two exceptions to this general rule. The first ... applies to 'actions [that] were brought before the same court[.]'. . .The other exception involves the situation in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata.").

[57] *Mowbray*, 274 F.3d at 281. *See also LaCroix*, 409 F. App'x at 799 ("The record is replete with information about the state-court proceedings, and the relevant facts are uncontroverted. The record contained everything the district court needed to rule on res judicata, including the entirety of the state-court complaint and the state trial court's final judgment. There is also a lengthy published opinion from the Mississippi Court of Appeals explaining the procedural history of the LaCroixs' Mississippi case.")

[58] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (quoting 28 U.S.C. § 1738); *see also Matter of Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996) (holding that courts "must look to the state that rendered the judgment to determine whether the courts of that state would afford the judgment preclusive effect").

[59] *Prod. Supply Co. v. Fry Steel Inc.*, 74 F.3d 76, 78 (5th Cir. 1996); *see Hugel v. Se. Louisiana Flood Prot.*

was rendered in the Louisiana, Louisiana law determines what preclusive effects, if any, may arise from the state court's judgment.[60]

Louisiana Revised Statute § 13:4231 provides in pertinent part:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

. . .

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

"Louisiana Revised Statute § 13:4231 embraces the broad usage of the phrase 'res judicata' to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel)."[61] "Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided."[62]

The Louisiana Supreme Court has determined that "[t]he doctrine of res judicata cannot be invoked unless all its essential elements are present . . . and each necessary element must be established beyond all question."[63] Louisiana courts have narrowly construed the doctrine's scope,

---

*Auth.-E.*, 429 F. App'x 364, 367 (5th Cir. 2011).

[60] *See In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005) (determining that, because the underlying judgment was from a Louisiana state court, Louisiana issue preclusion rules would apply); *Pinkozie v. Ricks*, No. 16-11621, 2017 WL 1056012, at *13 (E.D. La. Mar. 20, 2017) (Brown, J.). *See also* Rec. Doc. 26-3 (Louisiana state court judgment).

[61] *Maschek v. Cartemps USA*, 2004-1031 (La. App. 4 Cir. 2/16/05), 896 So. 2d 1189, 1193.

[62] *Id.*

[63] *Hugel*, 429 F. App'x at 368 (quoting *Kelty v. Brumfield,* 633 So.2d 1210, 1215 (La. 1994)) (quotation

9

and "any doubt concerning application of the principle of res judicata must be resolved against its application."[64] The party urging the application of res judicata has the burden of proving each essential element by a preponderance of the evidence.[65]

The Louisiana Supreme Court has established the following five elements that must be satisfied to preclude a second action under the theory of res judicata:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[66]

Here, Plaintiffs do not dispute the validity of the judgment, that the causes of action asserted in this suit existed at the time of final judgment in the Louisiana state court action, or that the causes of action arose out of the transaction or occurrence that was the subject matter of the first litigation. Plaintiffs only dispute whether the judgment is final and whether the parties are the same. Therefore, the Court will address each of these issues in turn.

### 1. Whether the Louisiana Judgment is Final

Defendants assert that the Louisiana state court judgment is final for purposes of res judicata even if it could be appealed or an appeal is pending.[67] In support, Defendants cite district court cases holding that a pending appeal does not affect the finality of a Louisiana state trial

---

marks omitted).

[64] *Id.*

[65] *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 437 (5th Cir. 2000) (citing *Greer v. Louisiana*, 616 So.2d 811, 815 (La. App. 2 Cir. 1993)).

[66] *Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053; *Bd. of Sup'rs of Louisiana State Univ. v. Dixie Brewing Co.*, 2014-0641 (La. App. 4 Cir. 11/19/14), 154 So. 3d 683, 689.

[67] Rec. Doc. 26-1 at 4

court's judgment for res judicata purposes.[68] In opposition, Plaintiffs argue that the Louisiana Judgment does not have preclusive effect because the Louisiana state court granted Plaintiffs a suspensive appeal, which suspends the execution of the judgment pending appeal.[69]

Comment (d) to Louisiana Revised Statute § 13:4231, states that a final judgment is one which disposes of the merits of the case in whole or in part. Therefore, "the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal."[70] The Louisiana Supreme Court has distinguished between when a judgment is final for res judicata purposes and when it acquires the authority of a thing adjudged. In *Avenue Plaza, L.L.C. v. Falgoust*, the Louisiana Supreme Court stated, "The appellate court judgment . . . affirmed the defendant's eviction. That judgment was a final judgment which became res judicata and conclusive between the parties when it was rendered, with the exception of appeal or other direct review. The judgment acquired the authority of the thing adjudged and became final and definitive when this court denied certiorari."[71] Additionally, the Louisiana Civil Law Treatise states, "The res judicata effect of a judgment under the 1990 amendment attaches at the time of rendition of the final judgment. Thus a final judgment may become res judicata, but may lose that preclusive effect if the final judgment is appealed and is reversed on appeal."[72] Therefore, it is clear that the res judicata effect of the Louisiana judgment attached when the Louisiana state trial court entered the judgment.

---

[68] *Id.* (citing *Shelton v. Board of Sup'rs of Southern University and A & M College*, 2012 WL 75040 (M.D. La. 2012); *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 598, 657–58 (S.D. Tex. 2010)).

[69] Rec. Doc. 29 at 1.

[70] La. Rev. Stat. § 13:4231, comment(d).

[71] 96-0173 (La. 7/2/96); 676 So. 2d 1077. See also *Tolis v. Board of Supervisors*, 660 So. 2d 1206, 1207 (La. 1995).

[72] 1 La. Civ. L. Treatise, Civil Procedure § 6:7 (2d ed.).

Plaintiffs assert the Louisiana Judgment does not have preclusive effect because the Louisiana state court granted Plaintiffs a suspensive appeal.[73] Louisiana courts have recognized that "[a] suspensive appeal, by its very nature, suspends the execution of a . . . judgment" or decision.[74] However, Plaintiffs cite no authority to support the assertion that a suspensive appeal would allow Plaintiffs to relitigate the issues on appeal before the Louisiana courts in this federal court. The Louisiana Judgment became final for purposes of res judicata when the Louisiana state trial court entered the judgment. The Louisiana Judgment may lose its preclusive effect if the judgment is reversed on appeal, but then the Louisiana appellate court would remand the case to the state trial court for additional proceedings.

Plaintiffs also argue that the Louisiana Judgment cannot be res judicata to this action because this suit was initiated on August 13, 2019, six days before the Louisiana Judgment was rendered.[75] Plaintiffs quote comment (d) to Louisiana Revised Statute § 13:4231, which provides that "the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter. . . ."[76] Because this litigation was filed before the Louisiana Judgment was entered, Plaintiffs assert that this litigation is not barred under the doctrine of res judicata.[77] Such a reading obliterates the purpose of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[78] Plaintiffs read comment

---

[73] Rec. Doc. 29 at 1.

[74] *Fontenot v. Dept. of Pub. Safety and Corrections, Office of Motor Vehicles*, 625 So. 2d 1122, 1124 (La. App. 1 Cir.1993) (citing La. Code Civ. Pro. art. 2123).

[75] Rec. Doc. 29 at 2.

[76] *Id.*

[77] *Id.*

[78] *Fogleman v. Meaux Surface Prot., Inc.*, 2010-1210 (La. App. 3 Cir. 3/9/11); 58 So. 3d 1057, 1060 (citing

12

(d) to allow them to relitigate the issues that were or could have been raised in the state action because they filed the federal action days before the state court entered judgment. The Louisiana state court granted Defendants' exception of no right of action on August 5, 2019, before this case was filed.[79] The state court gave Cleartrac an opportunity to amend its petition to cure the defect, but Cleartrac failed to do so.[80] Instead, Cleartrac filed this litigation as an end-run around the Louisiana state court's ruling. Accordingly, the Court concludes that the Louisiana Judgment became final for purposes of res judicata when the trial court entered the judgment, and it precludes Cleartrac and its privies from relitigating issues that were or could have been raised in that action.

### 2. Whether the Parties are the Same

Defendants argue that both Cleartrac and Moore are precluded from relitigating the claims raised in this case issues under the doctrine of res judicata.[81] Even though Moore was not a party to the state court litigation, Defendants assert that Moore is also precluded from relitigating these claims because he is Cleartrac's successor.[82] In opposition, Plaintiffs assert that Moore cannot be deemed to be "the same party" or "appearing in the same capacity" as Cleartrac.[83] Furthermore, Plaintiffs contend that Moore did not "appear" or "direct" the state court proceeding merely due to his status as member of Cleartrac.[84]

---

*Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

[79] Rec. Doc. 26-3.

[80] *Id.*

[81] Rec. Doc. 26-1 at 3.

[82] *Id.* at 3–4

[83] Rec. Doc. 29 at 3–4.

[84] *Id.* at 4.

Louisiana state courts have made clear that "[w]ithout identity between the parties in the first and subsequent actions, an exception of res judicata will not be maintained."[85] The Louisiana Supreme Court has explained that "[t]here exists an identity of parties whenever the same parties, their successors, or others appear so long as they share the same 'quality' as parties."[86] "[T]he preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the 'privies' of the parties in these limited circumstances: (1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the 'virtual representative' of the nonparty because the interests of the party and the nonparty are so closely aligned."[87]

In the Complaint, Plaintiffs allege that Moore is the sole member of Cleartrac and a successor in interest to Cleartrac.[88] Plaintiffs allege that they are bringing the claims of Moore in the alternative if the Court determines that Cleartrac does not have enforcement rights under Texas law.[89] The Louisiana state court found that Cleartrac did not have the right to enforce the Texas Judgment because the limited liability company was dissolved. Plaintiffs essentially seek to relitigate that issue in this Court and substitute the claims of Cleartrac for Moore if this Court agrees with the Louisiana state court determination that Cleartrac does not have the right to enforce the Texas Judgment. Therefore, it is clear from the allegations in the Complaint that Moore is a successor in interest to Cleartrac, and the parties are the same for purposes of res judicata.

---

[85] *See Ward v. State Dep't of Transp. & Dev. (Office of Highways)*, 43,948 (La. App. 2 Cir. 1/28/09), 2 So. 3d 1231, 1234 (citing *Hudson v. City of Bossier*, 33,620 (La. App. 2d Cir. 8/25/00); 766 So. 2d 738).

[86] *Forum For Equal. PAC v. McKeithen*, 2004-2551 (La. 1/19/05), 893 So. 2d 738, 745 (quoting *Welch v. Crown Zellerbach Corp.*, 359 So. 2d 154, 156 (La. 1978)).

[87] *Id.* (internal citations omitted).

[88] Rec. Doc. 1 at 1, 5.

[89] *Id.* at 5.

Cleartrac raised its claim to enforce the Texas Judgment before the Louisiana state court. Moore, who is Cleartrac's successor in interest, could have raised his claim to enforce the Texas Judgment before the Louisiana state court, but for reasons unknown to this Court chose not to do so. "Res judicata ensures the finality of judgments and prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."[90] Accordingly, because the uncontroverted facts in the record establish that these claims are barred under the doctrine of res judicata, the Court dismisses this action on res judicata grounds.[91]

## V. Conclusion

Based on the foregoing, the Court finds that the uncontroverted facts in the record establish that these claims are barred under the doctrine of res judicata. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Lanrick Contractors, LLC, Lanrick Real Estate, LLC, Southeast Dirt, LLC, Hudson Holdings, LLC, Hudson Holdings Equipment, LLC, and Thomas P. McKellar (collectively, "Defendants") "Motion to Dismiss"[92] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this 8th day of January, 2020.

*Nannette Jolivette Brown* (signature)
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[90] *Priority Nurse Staffing, Inc. v. Tanshi, LLC*, 52,463 (La. App. 2 Cir. 2/27/19); 265 So. 3d 1177, 1182 (internal citations omitted).

[91] *Mowbray*, 274 F.3d at 281.

[92] Rec. Doc. 26.

15